UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARY LALL,

      Petitioner,

v.

DAVID ORTIZ,

      Respondent.

Civ. No. 18-2793 (RBK)

**MEMORANDUM OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, an inmate confined at FCI Fort Dix, in Fort Dix, New Jersey, filed a petition under 28 U.S.C. § 2241, purporting to challenge his immigration detention. (*See* ECF No. 1). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1]  For the reasons discussed below, the petition will be dismissed for lack of jurisdiction.

### I.    BACKGROUND

    Petitioner is a native of Trinidad who entered the United States on September 5, 1988. (*See* ECF No. 1 at p. 12). On July 5, 1991, Petitioner took the oath of allegiance, and on July 26, 1991 he received his certificate of citizenship. (*See* ECF No. 1 at Ex. B).

    Following a trial in the Eastern District of New York, Petitioner was convicted of conspiring to import five or more kilograms of cocaine, conspiring to possess with intent to distribute five kilograms or more of cocaine, and conspiring to import and conspiring to possess with intent to distribute fifty kilograms or more of marijuana. *See United States v. Adams*, 316 F.

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the Clerk of Court to notify the petitioner.

App'x 60, 61-62 (2d Cir. 2009). On April 11, 2006, Petitioner was sentenced to 210 months imprisonment. (*See* ECF No. 1 at p. 1). Petitioner is currently serving his sentence at FCI Fort Dix. (*See id.*).

On or about December 6, 2012, Petitioner received a notice of intent to cancel his certificate of citizenship. (*See* ECF No. 1 at p. 11). On January 29, 2013, United States Citizenship and Immigration Services ("USCIS") issued a final decision cancelling Petitioner's certificate of citizenship. (*See* ECF No. 1 at Ex. I). Petitioner filed an appeal to the Administrative Appeals Office ("AAO"), which was denied on August 28, 2015. (*See* ECF No. 1 at p. 11). Petitioner filed a motion for reconsideration in September 2015, which Petitioner claims is still pending. (*See id.*).

On February 26, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging USCIS's decision to cancel his certificate of citizenship.

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code permits a federal court to grant a writ of habeas corpus to a prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, a district court has jurisdiction to hear a petition filed pursuant to § 2241 only if the petitioner is "in custody." *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 n.4 (3d Cir. 2013)). A prisoner who is serving a federal criminal sentence is not "in custody" for purposes of § 2241 merely because an immigration detainer has been lodged against him or her. *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005).

2

Moreover, though federal district courts have jurisdiction to hear habeas challenges to immigration detentions, that jurisdiction is strictly limited. The REAL ID ACT of 2005 "eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal." *Kolkevich v. Att'y Gen. of U.S.*, 501 F.3d 323, 326 (3d Cir. 2007). Under the REAL ID Act, a petition for review filed with an appropriate court of appeals in accordance with the Act is the sole and exclusive means for judicial review of an order of removal and matters dependent thereon. 8 U.S.C. § 1252(a)(5).

The Petition on its face reveals that Petitioner is not entitled to habeas relief. First, Petitioner is currently confined because he is serving a sentence of incarceration arising from a federal criminal conviction. Even if an immigration detainer has been lodged against him, Petitioner is not "in custody" for purposes of § 2241. *See James*, 594 F. Appx. at 67; *Adams*, 148 F. App'x at 95. Moreover, Petitioner asks this Court to reverse the USCIS's decision cancelling his certificate of citizenship and to remove the detainer placed on him. Pursuant to the REAL ID Act, this Court does not have the authority to grant such a request. For the foregoing reasons, this Court does not have jurisdiction to consider the Petition.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of jurisdiction. An appropriate order follows.

Dated: July  2 , 2018            s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge