UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARY LALL,

   Petitioner,

v.

DAVID ORTIZ,

   Respondent.

Civ. No. 18-2793 (RBK)

**MEMORANDUM OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

  Petitioner Gary Lall, an inmate confined at FCI Fort Dix, in Fort Dix, New Jersey, filed a petition under 28 U.S.C. § 2241, purporting to challenge his immigration detention. (*See* ECF No. 1). The Court examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), and dismissed his petition for a lack of jurisdiction on July 9, 2018. (ECF No. 2). Now before the Court is Petitioner's motion to alter judgment (ECF Nos. 5, 6[1]) and two motions to expedite with regard to his habeas petition (ECF Nos. 4, 7). For the reasons discussed below, the Court will deny Petitioner's motion to alter judgment and deny his motions to expedite as moot.

  As discussed more thoroughly in this Court's earlier Opinion, Petitioner is a native of Trinidad who entered the United States on September 5, 1988. (*See* ECF No. 1, at 12). On July 5, 1991, Petitioner took the oath of allegiance, and on July 26, 1991, he received his certificate of citizenship. (*See* ECF No. 1 at Ex. B). Following a trial in the Eastern District of New York, Petitioner was convicted of a number of drug charges and received a sentence of 210 months

---

[1] ECF No. 6 is a signed version of ECF No. 5.

imprisonment on April 11, 2006.  *See United States v. Adams*, 316 F. App'x 60, 61–62 (2d Cir. 2009); (*See* ECF No. 1, 1).  Petitioner is currently serving his sentence at FCI Fort Dix.

On or about December 6, 2012, Petitioner received a notice of intent to cancel his certificate of citizenship.  (*See* ECF No. 1, at 11).  On January 29, 2013, United States Citizenship and Immigration Services ("USCIS") issued a final decision cancelling Petitioner's certificate of citizenship.  (*See* ECF No. 1, at Ex. I).  Petitioner filed an appeal to the Administrative Appeals Office ("AAO") and received a denial on August 28, 2015.  (*See* ECF No. 1, at 11).  Petitioner filed a motion for reconsideration in September 2015, which Petitioner claims is still pending before either the AAO or the USCIS.  (*See id.*).

On February 26, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging USCIS's decision to cancel his certificate of citizenship.  This Court dismissed the petition for lack of jurisdiction because Petitioner is a federal prisoner *presently* serving a federal criminal sentence and is not "in custody" for purposes of § 2241 merely because the Government also lodged an immigration detainer against him.  *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)); *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005)).

Additionally, the Court found that it lacked jurisdiction to grant Petitioner's requests to reverse the decision cancelling his certificate of citizenship and to remove the detainer on him. Assuming that Petitioner seeks to challenge an order of removal, pursuant to the REAL ID Act, this Court does not have the authority to grant such requests. 8 U.S.C. § 1252(a)(5) (declaring that a petition for review with an appropriate Court of Appeals in accordance with the Act is the sole and exclusive means for judicial review of an order of removal and matters dependent thereon); *Kolkevich v. Att'y Gen. of U.S.*, 501 F.3d 323, 326 (3d Cir. 2007) (finding that the REAL ID Act

"eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal.").

Presently before the Court is Petitioner's motion to alter judgment. (ECF No. 5, 6). In his submission, Petitioner argues that although his petition was "not cognizable under 28 U.S.C. § 2241 . . . the Court failed to discern whether 'jurisdiction' would lie under 8 U.S.C. § 1503(a); 28 U.S.C. § 1361, [or] the Administrative Procedures Act ("APA") 5 U.S.C. § 701 *et seq.*" as a federal question under 28 U.S.C. § 1331. (ECF No. 6, at 2–4). Under these statutes, Petitioner contends that the Court may review the decision to cancel his citizenship or compel either the AAO or the USCIS to expedite a reconsideration of his citizenship cancellation. (ECF No. 6, at 2–6). Effectively, Petitioner acknowledges that he seeks relief beyond the scope of a § 2241 petition and asks the Court to re-characterize or consider his petition as an ordinary civil complaint under § 1331. (ECF No. 6, at 2–3).

Assuming *arguendo* that Petitioner is not yet subject to an order of removal and that the Government has not yet initiated removal proceedings, a district court *under certain circumstances* may have jurisdiction to review a decision of the USCIS or expedite an agency decision on a matter, if Petitioner had sought such relief in a civil complaint. *See, e.g.*, *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.*, No.12-0263, 2012 WL 395726, at *3 (D.N.J. Feb. 2, 2012) (referring to case law in which a Petitioner might be able to obtain review of his derivative citizenship claim by filing a declaratory judgment action – rather than a habeas petition – in the appropriate district court); *Omar v. Mueller*, 501 F. Supp. 2d 636, 639 (D.N.J. 2007) (discussing APA claims and mandamus jurisdiction in the context of a USCIS decision).

3

There are however, meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.*, No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen v. Lappin*, 402 Fed. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize § 2241 petition as civil complaint).

Here, Petitioner has only paid the $5.00 filing fee for a habeas petition. If Petitioner wishes to bring a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

For the foregoing reasons, the Court will deny Petitioner's motion to alter judgment without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court and deny Petitioner's motions to expedite a decision on his habeas petition as moot. An appropriate order follows.

Dated: November 9, 2018
                s/Robert B. Kugler
                ROBERT B. KUGLER
                United States District Judge